JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

B 01-056

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Leticia S. Abrego

## DEFENDANTS

State Farm Mutual Automobile Insurance Company

United States District Court
Southern District of Texas
FILED

APR 1 2 2001

Michael N. Milby
Clerk of Court

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Cameron County, Texas

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
         TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Janice A. Cassidy
P.O. Box 592
San Benito, TX 78586
956/399-3327

ATTORNEYS (IF KNOWN)

Craig H. Vittitoe
222 E. Van Buren, West Tower
Harlingen, TX 78550
956/428-7495

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) |
| ☐ 195 Contract Product Liability | | ☐ 371 Truth in Lending | | ☐ 862 Black Lung (923) |
| | **PERSONAL PROPERTY** | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **HABEAS CORPUS:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | ☐ 871 IRS — Third Party 26 USC 7609 |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

*(Additional OTHER STATUTES column entries: ☐ 891 Agricultural Acts, ☐ 892 Economic Stabilization Act, ☐ 893 Environmental Matters, ☐ 894 Energy Allocation Act, ☐ 895 Freedom of Information Act, ☐ 900 Appeal of Fee Determination Under Equal Access to Justice, ☐ 950 Constitutionality of State Statutes)*

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C.A. §1441 and §1446

Diversity of Citizenship

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____     DOCKET NUMBER _____

DATE
4-12-01

SIGNATURE OF ATTORNEY OF RECORD
Craig H. Vittitoe

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

United States District Court
Southern District of Texas
FILED

APR 1 2 2001  2:45

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

LETICIA S. ABREGO                          :
                                           :
VS.                                        :       CIVIL ACTION No. 0 1 - 0 5 6
                                           :
STATE FARM MUTUAL AUTOMOBILE               :
INSURANCE COMPANY                          :

---

# PETITION OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, Defendant in the above styled and numbered cause, pursuant to 28 U.S.C. §1446, files this *Petition of Removal* and for cause would show the court as follows:

## I.

Plaintiff, LETICIA S. ABREGO, instituted a civil action in the 103rd Judicial District Court of Cameron County, Texas, against Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY. True copies of all process and pleadings from the State Court litigation are separately filed contemporaneous with the filing of this Petition of Removal.

## II.

This action is properly removable under 28 U.S.C. §1441(a) because the United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332(a). The Plaintiff is a citizen of the State of Texas. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is an Illinois corporation whose principal place of business is Bloomington, Illinois.

### III.

This is an underinsured motorist case in which the Plaintiff also alleges that the Defendant breached the implied covenant of good faith and fair dealing.  Such claims are by their very nature each independent of the other.  *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 SW2d 627 (Tex. 1996) citing *Viles v. Security Nat'l Ins. Co.*, 788 SW2d 566, 567 (Tex. 1990).

### IV.

When this suit was initially filed in State court on January 2, 2001, the amount in controversy was not readily apparent from the face of the complaint (Plaintiff's Original Petition).  It was only upon receiving Plaintiff's answers to Interrogatories on March 20, 2001 that Defendant received information that the Plaintiff's claim for damages exceeded the jurisdictional threshold of $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a).  Such was learned in answer to interrogatory #13 as is stated verbatim as follows:

**13.       Please state how much money you seek to recover for each element of damage you are claiming and explain the method by which you calculate that amount.**

**<u>ANSWER</u>:**

> **Out of pocket medical expenses**
> **Future medical/surgical/rehabilitation expenses (Plaintiff will supply letter of medical necessity)**
> **Pain and suffering       $75,000**
> **Bad faith claim          $2.5 million**

In support, Defendant attaches a true and correct copy of Plaintiff's Original Petition as well as Plaintiff's answers to request for disclosure, interrogatories addressed to Plaintiff and request for production of documents (without exhibits produced) as Exhibits "A" and "B", respectively.

Under 28 U.S.C. §1446(b), when an action is not initially removable, the Defendant has thirty (30) days after it receives a copy of the "other paper from which it

*Inc. v. Infax, Inc.*, 72 Fd3d 489, (5th Cir. 1996).  By this action, Defendant exercises its right to remove this action within the 30-day window of opportunity.

## V.

The Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, unequivocally consents to the removal of this suit.

## VI.

Notice of this removal to the United States District Court has been provided the 103rd Judicial District Court from which this suit originated and counsel for Plaintiff.

*WHEREFORE, PREMISES CONSIDERED*, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY prays that this action be removed from the 103rd Judicial District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division; and, for such other and further relief which STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY may be entitled to receive.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, Texas 78551-1429
956-428-7495
956-428-2954 (Fax)

By:_____
    CRAIG H. VITTITOE
Federal Bar I.D. No. 18756
State Bar No. 20593900

ATTORNEYS FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

COPY

CAUSE NO. 2001-01-0022-D

LETICIA S. ABREGO          {     IN THE DISTRICT COURT OF

vs.                {     CAMERON COUNTY, TEXAS

STATE FARM MUTUAL AUTOMOBILE { 

INSURANCE COMPANY        {    103ʳᵈ DISTRICT COURT

FILED 9:00 O'CLOCK A M

AURORA DE LA GARZA DIST. CLERK

JAN 02 2001

DISTRICT COURT OF CAMERON COUNTY TEXAS

BY _RICK M. CORNEJO_ DEPUTY

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, LETICIA S. ABREGO, complaining of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and for cause would offer the following:

### I.

    Discovery will be conducted under discovery control plan 2.

### II.

    The Plaintiff is an individual who resides in Cameron County, Texas. The State Farm Mutual Automobile Insurance Company is a general casualty company organized under the laws of the State of Texas and having its principal place of business located at 505 South P Street, Harlingen, Cameron County, Texas. Citation may be served upon its registered agent, William K. King, Jr., at 8900 Amberglen Boulevard, Austin, Texas 78729.

### III

    Venue is proper in Cameron County, Texas, in that all the injuries and damages suffered by the Plaintiff arose in Cameron County, Texas.

### IV.

    On or about July 27, 1998 at approximately 5:35 P.M., Plaintiff, Leticia S. Abrego, was operating her vehicle traveling in a Westerly direction on East Filmore Street in Harlingen, Cameron County, Texas 78550. At the aforementioned time, a



EXHIBIT

A

CIMPDF - www.verdf.com

01/17/01  15:28 FAX 512 795 6625        S.F. CORP LAW            512 795 6625        ☎002
01/15/01  MON 11:33 FAX 512 918 4402      STATE FARM V. GONZALES      JAN 17 '01  02:26PM ☐005

Case 1:01-cv-00056   Document 1   Filed in TXSD on 04/12/2001   Page 6 of 29

vehicle owned by underinsured individual, Gloria Maldonado, and operated with permission by her daughter, Rachel Lynn Maldonado, was then and there being operated in a Southerly direction on South 6th Street in Harlingen, Cameron County, Texas when said underinsured individual failed to stop at a stop sign and struck Plaintiff's vehicle in such as a manner as to cause Plaintiff severe injuries and damages as hereinafter set forth.

### V.

At all times herein mentioned, underinsured individual, Rachel Lynn Maldonado, was negligent in that she:

(a)     did fail to stop for a stop sign;

(b)     did fail to yield the right-of-way;

(c)     did fail to keep a proper lookout;

(d)     did fail to have a valid driver's license;

(e)     did fail to observe state and local laws regarding the operation of motor vehicles;

(f)     did operate defendant the vehicle of her Mother at an excessive rate of speed under the circumstances; and

(g)     was generally negligent and careless with regard to the Plaintiff at the time and place aforementioned.

### VI.

At all times herein mentioned, underinsured individual, was negligent in:

(a)     allowing an unlicensed driver to operate her vehicle;

(b)     entrusting her motor vehicle to a person whom she knew would not obey State and local laws regarding the operation of motor vehicles;

(c)     entrusting her motor vehicle to a person whom she knew would operate the vehicle in so negligent a manner as to cause harm to other persons on the streets and highways and, specifically, the Plaintiffs in this cause;

2

Case 1:01-cv-00056  Document 1  Filed in TXSD on 04/12/2001  Page 7 of 29

(e)    being generally negligent and careless with regard to the Plaintiffs at the time and place aforementioned; and

(f)    recklessly endangering the Plaintiff, Leticia S. Abrego, at the time and place aforementioned.

## VII.

As a direct result of the foregoing conduct of the underinsured individuals, Plaintiff, Leticia S. Abrego, sustained severe and permanent personal injuries in and about their head, body and limbs, emotional tension and distress and severe shock to her nerves and nervous system and anxiety, all of which have caused her great pain and suffering, disability, and an impairment to her earning ability, all of which will continue into the future to her great financial detriment and loss.

## VIII.

Plaintiff, Leticia S. Abrego, has been prevented from performing substantially all of the usual and customary daily activities which she previously performed and enjoyed prior to the date of this accident, all of which is expected to continue into the future to her great financial detriment and loss for which she seeks compensatory damages for past, present and future pain and suffering.

## IX.

In addition, Plaintiff has been obliged to expend various sums of money for medical care, treatment and medicines in and about endeavoring to treat and cure herself of said injuries, all of which may and probably will continue into the future to her great financial detriment and loss for which she seeks compensatory damages for past, present and future medical expenses.

## X.

Plaintiff, Leticia S. Abrego, has continued to engage in employment with intermittent absences while working with great pain due to the nature of the injuries which she has suffered and the permanency of those injuries, all of which may continue

3

into the future as a direct result of which she will incur a loss of earning capacity for which she seeks compensatory damages for past, present and future loss of earnings and loss of earning capacity.

## XI

Further, the motor vehicle causing the Plaintiff's injuries and damages as described above was at all times material to this action an "underinsured motor vehicle" as that term is defined in the policy of insurance issued by Defendant to Plaintiff. A copy of the declaration of coverage page is attached hereto and made part hereof as Exhibit A. In this connection, Plaintiff will show that the sum of the limits on all applicable liability policies providing liability insurance for the ownership, maintenance, or use of such vehicle is insufficient to compensate for Plaintiff's actual damages. Specifically, the only available insurance coverage covering the underinsured individual was $25,000 which was tendered to Plaintiff following authorization and permission from Defendant. Plaintiff has fully complied with all the terms of the insurance policy issued by Defendant to Plaintiff as a condition precedent to bringing this suit. Nevertheless, Defendant has failed and refused and still fails and refuses to pay Plaintiff the underinsured motorist benefits under this policy as it is contractually required to do.

## XII

As a result of Defendant's failure and refusal to pay to Plaintiff monies which it legally owes to her, Defendant has breached its duty of good faith and fair dealing and has engaged in bad faith acts which were intended to and did cause harm to its insured by causing her financial hardship which the Defendant knew would result if it persisted in its bad faith activities toward Plaintiff. As a result of Defendant's bad faith conduct, Plaintiff seeks punitive damages against Defendant in an amount which will discourage it from engaging in such bad faith activities towards its insureds in the future.

## XIII.

As a result of Defendant's failure and refusal to comply with the terms of the policy issued to Plaintiff for which Plaintiff properly paid premiums to Defendant, Plaintiff has been required to retain the legal services of Janice A. Cassidy, an Attorney who is duly licensed to practice law in the State of Texas, and Plaintiff seeks reimbursement of reasonable and necessary legal fees paid to said Attorney as Judgment in her favor against Defendant or, alternatively, that Judgment be entered in favor of Attorney Janice A. Cassidy directly.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant for past, present and future medical expenses, past and present loss of earnings and loss of earning capacity, future loss of earnings and earning capacity, past, present and future pain and suffering, punitive damages, and reasonable and necessary Attorney's fees through trial and through Appeal, if any, as well as prejudgment interest, and post-judgment interest, all in an amount in excess of the minimum jurisdiction of this Court, together with such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

JANICE A. CASSIDY, P.C.

By: _Janice A. Cassidy_
JANICE A. CASSIDY
Attorney for Plaintiff
P. O. Box 592
San Benito, Texas 78586
SBOT 03979210
(210) 399-3327
(210) 399-0688 (Fax)
Cameron Co. No. 191601

5

CAUSE NO. 2001-01-0022-D

| | | |
|---|---|---|
| LETICIA S. ABREGO | } | IN THE DISTRICT COURT OF |
| | } | |
| vs. | } | CAMERON COUNTY, TEXAS |
| | } | |
| STATE FARM MUTUAL AUTOMOBILE | } | |
| INSURANCE COMPANY | } | 103rd JUDICIAL DISTRICT |

## PLAINTIFF'S ANSWERS TO REQUEST FOR DISCLOSURE, INTERROGATORIES ADDRESSED TO PLAINTIFF AND REQUEST FOR PRODUCTION OF DOCUMENTS

TO:   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY by and through its attorney of record, CRAIG H. VITTITOE, ADAMS & GRAHAM, L. L. P., 222 EAST VAN BUREN, WEST TOWER, P. O. DRAWER 1429, HARLINGEN, TX 78551-1429

COMES NOW, Plaintiff, LETICIA S. ABREGO, and files the attached discovery responses.

RESPECTFULLY SUBMITTED,

JANICE A. CASSIDY, P.C.

Janice A. Cassidy
Attorney for Plaintiff
P. O. Box 592
San Benito, Texas 78586
(956) 399-3327
(956) 399-0688 (Fax)
State Bar No. 03979210
Cameron County Bar No. 191601

EXHIBIT

B

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was on this the 20th day of March 2001 hand delivered to:

> Attorney Craig H. Vittitoe
> Adams & Graham, L.L.P.
> 222 East Van Buren., West Tower
> P. O. Drawer 1429
> Harlingen, TX 78551-1429

JANICE A. CASSIDY

2

## ANSWERS TO REQUESTS FOR DISCLOSURE

A)      The correct names of the parties to this lawsuit:

**ANSWER:**

**Correct as stated.**

B)      The name, address, and telephone number of any potential party to this lawsuit;

**ANSWER:**

**None.**

C)      The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not specify all evidence that may be offered at trial);

**ANSWER:**

**See Original Petition filed in this cause and in Cause 1999-08-3367-E.**

D)      The amount and any method of calculating economic damages;

**ANSWER:**

    **See answer to Interrogatory #13.**

E)      The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with this case;

**ANSWER:**

**See Answer to Interrogatory No. 18;   Parties have knowledge of incident giving rise to third party claim and to this cause;   Medical Providers have knowledge of Plaintiff's injuries, diagnosis, treatment administered or recommended, prognosis, and costs incurred and anticipated;   State Farm representatives have knowledge concerning sale of coverage to Plaintiff and method of adjusting the UIM claim.**

F)      For any testifying expert;

1)   the expert's name, address, and telephone number;

2)   the subject matter on which the expert will testify;

3)   the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject tot he control of the responding party, documents reflecting such information;

4)   If the expert is retained by, employed by or otherwise subject to the control of the responding party;

   a)   all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

   b)   the expert's current resume and bibliography.

**ANSWER:**

**Jorge Tijmes, M. D., P. O. Box 6209, McAllen, TX**

G)   Any discoverable indemnity and insuring agreements;

**ANSWER:**

**See response to Request for Production**

H)   Any discoverable settlement agreements.

**ANSWER:**

**See response to Request for Production**

I)   Any discoverable witness statements.

**ANSWER:**

**See response to Request for Production**

J)   In suit alleging physical or mental injury and damages from the occurrence that is the subject of this case, all medical records and bills that are reasonably related to

2

the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills:

**ANSWER:**

**See response to Request for Production**

K)    In suit alleging physical or mental injury and damages from the occurrence that is the subject of this case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

**ANSWER:**

**Not applicable.**

**<u>Answers to Written Interrogatories to</u>**
**<u>Plaintiff LETICIA S. ABREGO</u>**

1.    Please identify yourself by supplying your full name, current address, telephone number, social security number, and date of birth.

     **<u>ANSWER:</u>**

     **Leticia Abrego**
     **Route 1 Box 757**
     **San Benito, Texas  78586**
     **(956) 399-4223**
     **Date of birth:    09/14/55**
     **Social Security No.:   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**

2.    If you have any children and/or spouse, please identify such individuals by supplying their names, current addresses, telephone numbers, social security numbers and dates of birth.

     **<u>ANSWER:</u>**

     Plaintiff is divorced.

3.    Please identify each physician, chiropractor, doctor of osteopathy, psychiatrist, psychologist, hospital, or clinic who has examined, treated you or with whom you have consulted, or to whom you have gone for any reason for the period of (ten) 10 years prior to the July 2, 1998 (sic), occurrence upon which this suit is based by giving the name, address and telephone number of each such health care provider.

     **<u>ANSWER:</u>**  Objection. Information is not sufficiently limited so as to seek relevant information which would be admissible at trial.  Additionally it is overbroad, vague and harassing.    To the extent that Plaintiff is able to answer and without waiving the foregoing objection, Plaintiff responds to the best of her recollection:

     Dr. Nicolas Creel, Gyn., Lake Jackson, Texas
     Dr. Mierish, Gyn., Harlingen, TX
     SBMA, North Sam Houston, San Benito, TX  78586

4.    Please identify each physician, chiropractor, doctor of osteopathy, psychiatrist, psychologist, hospital, or clinic who has examined, treated you or with whom you have consulted by reason of the occurrence which forms the basis for this lawsuit by giving the name, address and telephone number of each such health care provider.

CSMPDF - www.fasdia.com

## ANSWER:

**(1)**  **Valley Baptist Medical Center**
2101 Pease Street
Harlingen, TX  78550

**(2)**  **Valley Radiologist & Associates**
P. O. Box 2918
Harlingen, TX  78551

**(3)**  **EMCARE – Harlingen Physicians**
P.O. Box 13826
Philadelphia, PA  19101-3826

**(4)**  **Harlingen Community Emergency Care Foundation, Inc.**
P.O. Box 533668
1705 Vermont
Harlingen, Texas 78553-3668

**(5)**  **A. J. Morris, M.D.**
Industrial Medical Assoc.
2419 Gravel Rd.
Ft. Worth, Texas  76118

**(6)**  **Rio Grande Valley Imaging Center**
501 B N. Ed Carey Dr.
Harlingen, Texas  78550

**(7)**  **Dee Martinez, M.D.**
Rio Grande Valley Imaging & Diagnostic Center
501 B N. Ed Carey Dr.
Harlingen, Texas  78550

**(8)**  **Garza Clinic – Raul Garza, Jr./Jean Scott Bendiks, M.D.**
400 West Highway 77
San Benito, Texas  78586

5.      Please state whether there exists in any form, whether written or oral, any understanding, agreement or contract between you or your attorney or other agent, on the one hand, and any person or entity, or such person's or entity's attorney or agent, on the other:

a)  settling, compromising or releasing all or any part of any cause of action or issue asserted herein or that might be asserted herein, or

b)   concerning the manner which this case will be tried, including but not limited to understandings, agreements, or contracts regarding voir dire examination, jury strikes, witnesses to be called, special issues to be requested, or objections, opening statements or arguments to be made.

c)   If your answer to either subpart is yes, please state verbatim the contents of each such understanding, agreement or contract and all persons or entities with whom same has been made (alternatively, if such understanding, agreement or contract is totally contained in a written document, you may attach a copy of such document).

**ANSWER:**

**See Compromise and Settlement Agreement;  Cause No.: 1999-08-3367-E.**

6.    Please list for the last ten (10) years each place of your employment giving the following information:

a)   Name and address of each employer.

b)   The date that you commenced working for such employer and the date that you left.

**ANSWER:**

**Objection.  Plaintiff objects to the information sought because it is not relevant and thus not admissible nor it is reasonably calculated to lead to the discovery of admissible evidence.    Plaintiff is not currently making a claim for wages.**

7.    Please state completely and fully all representations, statements, declarations or admissions made to you or to others by Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY or any agent, servant or employee of Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

**ANSWER:**

**When Plaintiff first obtained her coverage with State Farm through her agent in Brazoria, Texas, she was lead to believe that payment of claims under her own policy would be automatic and she purchased full coverage and has continued it through the years based upon that representation.**

8.    Please state completely and fully all representations, statements, declarations or admissions made to you or to others by RACHEL MALDONADO or any agent, servant or employee of the adverse driver, RACHEL MALDONADO.

5

CHMPDF - www.tevisa.com

**ANSWER:**

**See discovery responses of Defendants in Cause No. 1999-08-3367-E.**

9.   Please describe all incidents you have been involved in, wherein you have alleged the act(s) and/or omission(s) of one or more other persons caused your injury, including in your answer the specific date and place of each such incident and the names, addresses and telephone numbers of the parties involved.

**ANSWER:**

**Objection.  Interrogatory is overbroad, vague and harassing and not sufficiently limited in time or scope to permit Plaintiff to intelligently answer.  To the extent that Plaintiff is able to answer, she responds as follows:**

**Approximately 20 years ago, a drunk driver pulled in front of her.  She has no further details.   She cannot recall if she was hurt or presented a claim.**

**None other than the accident giving rise to this occurrence.**

10.   Have you ever been arrested, indicted for, pled guilty to or been found guilty of any crime?  If so, please state when and where and the nature of the charge.

**ANSWER:**

**OBJECTION:  Plaintiff objects to this Interrogatory which is not relevant and thus not admissible nor is it reasonably calculated to lead to the discovery of admissible evidence.**

11.   Have you ever been a party to a lawsuit prior to the present suit?  If so, please state the nature of such suit, the court such suit took place in, including the complete style of the cause of action, whether you were plaintiff or defendant, the date each suit was filed and the final disposition of such suit.

**ANSWER:**

**See Plaintiff's Original Petition; Cause No. 98-003367-E.**
**See Order of Dismissal with Prejudice;  Cause No. 1999-08-003367-E**

**Plaintiff was divorced in 1989 or 1990.**

12.   Identify any and all liens and subrogation interests filed, presented or known to plaintiff or plaintiff(s) agents or attorneys arising from or concerning any health

care, medical care, nursing care, or hospital care afforded to plaintiff that is related to the occurrence made the basis of this suit by giving the name, address and telephone number of the person or persons or entity claiming any such liens or subrogation interests.

**ANSWER:   Outstanding bill due Dr. Garza.**

13.   Please state how much money you seek to recover for each element of damage you are claiming and explain the method by which you calculate that amount.

**ANSWER:**       **Out of pocket medical expenses**
**Future medical/surgical/rehabilitation expenses (Plaintiff will supply letter of medical necessity)**
**Pain and suffering   $75,000**
**Bad faith claim       $2.5 million**

14.   In accordance with Rules 192.3(j) and 197.1 of the Texas Rules of Civil Procedure, please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that this Defendant breached the terms and provisions of its policy of insurance as alleged in this suit.

**ANSWER:**

**See Plaintiff's Original Petition.**

15.   In accordance with Rules 192.3(j) and 197.1 of the Texas Rules of Civil Procedure, please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that you were damaged by the acts or omissions of this Defendant.

**ANSWER:**

**See Plaintiff's Original Petition.**

16.   In accordance with Rules 192.3(j) and 197.1 of the Texas Rules of Civil Procedure, please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that you were damaged by the acts or omissions of Ruth V. Quinones.

**ANSWER:**

**See Plaintiff's Original Petition;  Cause No. 99-08-003367-E.**

7

17.  In accordance with Rule 192.3(d) of the Texas Rules of Civil Procedure please give the name, address and telephone number of any person who is expected to be called by you to testify at trial. With respect to each person identified, briefly state the person's connection with the case.

**ANSWER:**

**Leticia Abrego**
**Rachel Lynn Maldonado**
**Gloria Maldonado**
**Medical Providers named in #4 herein**
**Ronnie Waddell, State Farm Insurance Agent, Brazoria, TX**
**Rosie Salinas, State Farm Adjuster, 505 P Street, Harlingen, TX 78550**

18.  Please give the name, address and telephone number of each person with knowledge of relevant facts who has given a witness statement as defined in Rule 192.3(h) of the Texas Rules of Civil Procedure.

**ANSWER:**

**See discovery responses from Defendants in Cause No. 1999-08-3367-E.**

19.  What is the name, address and telephone number of each insurance carrier other than STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY that may afford the Plaintiff coverage arising from either of the motor vehicle accidents made part of this suit. This interrogatory makes inquiry as to all such insurance carriers, including any major medical insurance coverage made available to you by your employer. In answering this interrogatory, please also advise whether or not you made a claim for coverage benefits, the claim number, the date of claim and the name of the adjuster handling the claim.

**ANSWER:**

**Farmers Insurance Group**
**Date of claim 7/27/98**
**Joel Galarza, Claim Representative**
**Claim # P6 79429**

20.  In accordance with Rules 192.3(j) and 197.1 of the Texas Rules of Civil Procedure, please state your contentions an the factual basis for these contentions pertaining to

8

CutePDF - www.tavlos.com

your claim that this Defendant breached the implied duty of good faith and fair dealing regarding its investigation and handling of the Plaintiff's insurance claims.

**ANSWER:**

**See Plaintiff's Original Petition;  Plaintiff purchased UIM coverage in reliance on Defendant's representations that it would be available if she needed it. Once Defendant received payment, it no longer provided the benefit.  Plaintiff is now being forced to sue her own insurance carrier for benefits that it rightfully owes.**

9

| THE STATE | * | |
|---|---|---|
| | * | **AFFIDAVIT** |
| **OF TEXAS** | * | |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared LETICIA S. ABREGO, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

    **1. My name is LETICIA S. ABREGO. I am over the age of eighteen (18) years, have personal knowledge of and am competent to testify to the facts set forth herein.**

    **2. I have read the above interrogatories and the answers thereto and the answers are true and correct to the best of my knowledge.**

_(signature)_
LETICIA S. ABREGO

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said LETICIA S. ABREGO, on the 17th day of March, 2001, to certify which witness my hand and seal of office.

_(signature)_
Notary Public in and for the
**State of Texas**

[NOTARY SEAL]
JOEL P. SMITH
Notary Public, State of Texas
My Commission Expires 03-26-04

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Objection. Not relevant.  No wage claim.

2.      See attached.

3.      See attached.

4.      Will supply

5.      None known, will supply if any.

6.      See attached.

7.      Objection.  Request is unintelligible.

8.      None will be provided.

9.      None will be provided.

10.     See response #1.

11.     See attached.

12.     None in Plaintiff's possession.

13.     Objection.  Not relevant.  See response #1.

14.     See attached.

15.     See attached.

16.     None other than any form submitted to State Farm.

17.     None known, will supply, if any.

18.     See attached.

19.     See attached.

20.     Will supply

21. – 22.     Objection.  Plaintiff objects to the documents sought in these requests because they are not relevant and thus not admissible nor are they reasonably calculated to lead to the discovery of admissible evidence.

**23.-24. See attached.**

**25.      Document is in State Farm's possession.**

**26.      Not in Plaintiff's possession.**

**27.-35. See attached.**

United States District Court
Southern District of Texas
FILED

APR 1 2 2001

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

LETICIA S. ABREGO        :
                         :
VS.                      :        CIVIL ACTION NO. **B  0 1 - 0 5 6**
                         :
STATE FARM MUTUAL AUTOMOBILE    :
INSURANCE COMPANY        :

## DEFENDANT'S  CONSENT  TO  REMOVE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, Defendant in the above styled and numbered cause, filing this its Consent to Removal pursuant to  28 U.S.C. §1441 and §1446, showing the Court as follows:

### I.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is the Defendant in this action.

### II.

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has filed a Petition of Removal in the United States District Court for the Southern District of Texas, Brownsville Division, removing the case from the 103rd Judicial District Court of Cameron County, Texas.

### III.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY consents to such removal.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, Texas 78551-1429
956-428-7495
956-428-2954 (Fax)

By: _____
        CRAIG H. VITTITOE
Federal Bar I.D. No. 18756
State Bar No. 20593900

ATTORNEYS FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the above and foregoing instrument was forwarded to the following attorney of record, on this the _____ 12 _____ day of April, 2001:

**VIA CM/RRR NO. 7000 1670 0000 0475 8333**
Ms. Janice A. Cassidy
**LAW OFFICE OF JANICE A. CASSIDY**
P. O. Box 592
San Benito, TX 78586

_____
Craig H. Vittitoe

# JURY

# CIVIL DOCKET - JUDGE'S ENTRIES

CERTIFIED COPY      RULE 26-TRCP

B 01-056

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION | COURT'S DOCKET (Rule 26, TRCP) |
|---|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>LETICIA S. ABREGO<br><br>VS | 00191601<br>HON. JANICE A. CASSIDY<br>P.O. BOX 592<br>SAN BENITO, TX      78586 0000<br><br>HON. CRAIG H. VITTITOE<br>P O DRAWER 1429<br>HARLINGEN, TEXAS 78551 | (01)<br><br>PERSONAL INJURY | |

**DATE OF ORDERS**

4-5-01  Parties app w/atty.

A TRUE COPY CERTIF...
AURORA DE LA GARZA,
DISTRICT COURT CAMERON COUN...
BY
DEPUTY
DATE

CAMERON COUNTY, TEXAS
DISTRICT COURT

RUN DATE 04/11/01
RUN TIME 4:27 PM

CERTIFIED COPY

* * * CLERK'S ENTRIES * * *

00191601                                    (01)
HON. JANICE A. CASSIDY
P.O. BOX 592
SAN BENITO, TX          78586 0000

00001214
HON. CRAIG H. VITITTOE
P.O. DRAWER 1429
HARLINGEN, TX.          78551 1429

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

VS

LETICIA S. ABREGO                          PERSONAL INJURY,

01/02/01  ORIGINAL PETIT:
01/02/01  CITATION: STATE
          INSURANCE CO
          SERVED:
01/02/01  ORIGINAL ANSWER
01/26/01  AUTOMOBIL INSUR
01/26/01  JURY DEMAND
01/26/01  JURY FEE: Pd. b
01/26/01  JURY DEMAND /CV
02/05/01  DEFT, STATE FAR
02/05/01  INSURANCE CO.'S
02/05/01  SEVERANCE AN
03/05/01  PLTF'S FIRST M
03/05/01  /CWARFORD
03/14/01  NOTICE OF INTEN
          WRITTEN QUESTIO
03/14/01  NOTICE OF INTEN
          WRITTEN QUESTIO
03/14/01  CUSTODIAN OF
          COMMUNITY EMERG
03/14/01  CARE FOUNDA
03/14/01  NOTICE OF INTEN
03/14/01  WRITTEN QUESTIO
03/14/01  CUSTODIAN OF
          BAPTIST MEDICA
03/14/01  NOTICE OF INTEN
03/14/01  WRITTEN QUESTIO
03/14/01  NOTICE OF INTEN
          VALLEY RADIO
03/14/01  NOTICE OF INTEN
          /CWARFORD
03/14/01  WRITTEN QUESTIO

02/13/01  MTN FOR SEVERANCE AND ABATEMENT SET FOR 03/08/01 AT 9:00 AM...
02/13/01  MMURRAYJR/CWARFORD
03/12/01  MTN FOR SEVERANCE AND ABATEMENT SET FOR 04/05/01 AT 9 AM..MMJR/
03/12/01  CWARFORD

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
BY [signature]
DATE 4-11-01
DEPUTY

Case 1:01-cv-00056   Document 1   Filed in TXSD on 04/12/2001   Page 29 of 29

RUN DATE  04/11/01
RUN TIME  4:27 PM

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

VS

LETICIA S. ABREGO

CERTIFIED COPY

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS
BY _____
DATE _____
DEPUTY

*CAMERON COUNTY TEXAS DISTRICT COURT* (seal)

*   *   *   *   C L E R K ' S   E N T R I E S   *   *   *   *

00191601                                    (01)
HON. JANICE A. CASSIDY
P.O. BOX 592
SAN BENITO, TX          78586 0000

00001214                          PERSONAL INJURY,
HON. CRAIG H. VITITTOE
P.O. DRAWER 1429
HARLINGEN  TX.          78551 1429

| Date | Entry |
|------|-------|
| 03/14/01 | CUSTODIAN OF |
| 03/14/01 | MD AND/OR INDUS |
| 03/14/01 | MEDICAL ASSO |
| 03/14/01 | NOTICE OF INTEN |
| 03/14/01 | WRITTEN QUESTIO |
| 03/14/01 | CUSTODIAN OF |
| 03/14/01 | GARZA, MD. AND/O |
| 03/14/01 | NOTICE OF INTEN |
| 03/14/01 | WRITTEN QUESTIO |
| 03/14/01 | CUSTODIAN OF |
| 03/14/01 | MARTINEZ, MD. AN |
| 03/29/01 | GRANDE VALLE |
| 03/29/01 | NOTICE OF INTEN |
| 03/14/01 | WRITTEN QUESTIO |
| 03/29/01 | CUSTODIAN OF |
| 04/04/01 | MEDICAL ASSOCIA |
| 04/04/01 | NOTICE OF INTEN |
| 04/04/01 | WRITTEN QUESTIO |
| 04/04/01 | CUSTODIAN OF |
|          | INSURANCE GROU |