

```
                                              United States District Court
                                               Southern District of Texas
                                                        FILED

                                                    JUL 3 0 2001
```
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
                                              Michael N. Milby
                                               Clerk of Court
```

| | | |
|---|---|---|
| LETICIA S. ABREGO | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. B-01-056 |
| | : | (JURY DEMANDED) |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | |

## JOINT REPORT OF MEETING AND JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

Come now **LETICIA S. ABREGO**, Plaintiff and Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** by and through their respective counsel of record, and submit the following report of their meeting, pursuant to FED. R.CIV. P. 26(f):

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **The meeting was held (telephonically) on July 27 and July 30, 2001.**

   **Janice A. Cassidy, 550 North Sam Houston, P.O. Box 592, San Benito, Texas 78586; phone 956/399-3327; fax 956/399-0688, State Bar No. 03979210, participated on behalf of the Plaintiff, Leticia S. Abrego. Craig H. Vittitoe, P.O. Drawer 1429, Harlingen, Texas 78551-1429, phone 956/428-7495; fax 956/428-2954, State Bar No. 20593900; Federal Bar No. 18756 participated on behalf of Defendant, State Farm Mutual Automobile Insurance Company.**

2.     List the cases related to this one that are pending in any state or federal court, with the case number and court.

      **None.**

3.     Specify the allegation of federal jurisdiction.

      **Diversity jurisdiction; 28 U.S.C. §1332.**

4.     Name the parties who disagree and the reasons.

      **The Plaintiff disputes timely removal.**

5.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

      **None.**

6.     List anticipated interventions.

      **None.**

7.     Describe class action issues.

      **None.**

8.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

      **Timely disclosures will be completed upon response to written discovery.**

9.  Describe the proposed agreed discovery plan, including:

   A.  Responses to all the matters raised in Rule 26(f).

   **September 13, 2001.**

   B.  When and to whom the Plaintiff(s) anticipate they may send interrogatories.

   **August 13, 2001**.

   C.  When and to whom the Defendant anticipates it may send interrogatories.

   **Done**.

   D.  Of whom and by when the Plaintiff anticipates taking oral depositions.

   **November 16, 2001.**

   E.  Of whom and by when the Defendant anticipates taking oral depositions.

   **November 16, 2001.**

   F.  List expert depositions the Plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (Expert Report).

   **Plaintiff agrees to provide expert reports by September 1, 2001.**

   **Plaintiff agrees to depose Dr. Jorge Tijmes and fact witnesses by December 14, 2001.**

G.    List expert depositions the Defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (Expert Report).

**Defendant agrees to provide expert reports by November 1, 2001.**

**Defendant agrees to depose expert and fact witnesses by February 14, 2002.**

10.    If the parties are not agreed on a date of the discovery plan, describe the separate views and proposals of each party.

    **N/A**

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

    **The Defendant has propounded initial written discovery, interrogatories, request for disclosures and request for production and request for admissions.**

12.    State the date the planned discovery can reasonably be completed.

    **March 1, 2002.**

13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **The parties are unopposed to mediating this matter before a competent mediator.**

14.    Describe what each party has done or agreed to do to bring about a prompt resolution.

    **The parties have discussed possible mediation of this matter.**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **The parties have discussed possible mediation of this matter.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The parties are unopposed to trial before the pending United States Magistrate Judge.**

17. State whether a jury demand has been made and if it was made on time.

    **Yes, a jury was demanded and the fee paid prior to removal of the case from State Court. Subsequently, a written jury demand was made upon removal to the United States District Court.**

18. Specify the number of hours it will take to present the evidence in this case.

    **The parties anticipate 24 to 40 hours of trial evidence.**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **Defendant's Amended Motion to Sever and Abate**

    **Plaintiff's Motion for Remand**

20. List other motions pending.

    **Plaintiff has filed a motion to remand and Defendant has filed a response.**

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **None.**

22. List the names, bar number, addresses and telephone number of all counsel.

Plaintiff's attorney:

    Janice A. Cassidy
    State Bar No. 03979210
    Fed. ID No. 17656
    LAW OFFICE OF JANICE A. CASSIDY
    550 N. Sam Houston
    P.O. Box 592
    San Benito, TX 78586
    Phone (956) 399-3327
    Fax   (956) 399-0688

Defendant's attorney:

    Craig H. Vittitoe
    State Bar No. 2059300
    Fed. ID No. 18756
    ADAMS & GRAHAM, L.L.P.
    222 East Van Buren, West Tower
    P. O. Drawer 1429
    Harlingen, TX  78551-1429
    Phone (956) 428-7495
    Fax   (956) 428-2954

*Respectfully submitted,*

By: _____
    JANICE A. CASSIDY
    **LAW OFFICE OF JANICE A. CASSIDY**
    State Bar No. 03979210
    Fed. I.D. No. 17656

    ATTORNEY IN CHARGE FOR PLAINTIFF

By: _____
    CRAIG H. VITTITOE
    **ADAMS & GRAHAM, L.L.P.**
    State Bar No. 20593900
    Fed. I.D. No. 18756

    ATTORNEY IN CHARGE FOR DEFENDANT

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**None.**

22. List the names, bar number, addresses and telephone number of all counsel.

Plaintiff's attorney:

    Janice A. Cassidy
    State Bar No. 03979210
    Fed. ID No. 17656
    LAW OFFICE OF JANICE A. CASSIDY
    550 N. Sam Houston
    P.O. Box 592
    San Benito, TX 78586
    Phone (956) 399-3327
    Fax   (956) 399-0688

Defendant's attorney:

    Craig H. Vittitoe
    State Bar No. 2059300
    Fed. ID No. 18756
    ADAMS & GRAHAM, L.L.P.
    222 East Van Buren, West Tower
    P. O. Drawer 1429
    Harlingen, TX  78551-1429
    Phone (956) 428-7495
    Fax   (956) 428-2954

Respectfully submitted,

By: _____       By: _____ 7/30
JANICE A. CASSIDY                   CRAIG H. VITTITOE
**LAW OFFICE OF JANICE A. CASSIDY**     **ADAMS & GRAHAM, L.L.P.**
State Bar No. 03979210               State Bar No. 20593900
Fed. I.D. No. 17656                   Fed. I.D.No. 18756

ATTORNEY IN CHARGE FOR         ATTORNEY IN CHARGE FOR
PLAINTIFF                              DEFENDANT