IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LETICIA S. ABREGO | { |
| | { |
| vs. | { CIVIL ACTION NO. B-01-056 |
| | { |
| STATE FARM MUTUAL AUTOMOBILE | { |
| INSURANCE COMPANY | { |

### PLAINTIFF'S ANSWER TO DEFENDANT'S AMENDED MOTION FOR SEVERANCE AND ABATEMENT

TO THE HONORABLE JUDGE OF THE SAID COURT:

**COMES NOW, LETICIA S. ABREGO,** Plaintiff in the within cause and files this her Answer To Defendant's Amended Motion for Severance and Abatement and in support would respectfully show the Court the following:

### ANSWER TO MOTION

Plaintiff denies that the law requires severance and abatement of underinsured motorist claims and bad faith claims brought in the same cause of action. Additionally Plaintiff contends that the cost both in time and money of litigating the same claim twice would cause a financial hardship to Plaintiff as well as a duplication of efforts for the Court and Counsel because the facts and issues of both claims are so interwoven. The Plaintiff has previously been required to undergo discovery in the third party action and, should the prayer of Defendant's Motion be granted, would be required to undergo the same procedure yet two (2) additional times. Such requirements would not only unfairly prejudice the Plaintiff/insured but would be tantamount to the harassment of an insured who made the fatal error of purchasing underinsured motorist coverage and then

becoming the victim of a careless and negligent driver. Plaintiff does not need to be victimized any further.

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion for Severance and Abatement be denied.

## LAW IN SUPPORT OF ANSWER TO MOTION

Defendant cites Liberty Mutual Fire Insurance Company, Relator v. The Honorable Ted Akin, Respondent, 927 S. W.2d 627 (Tex. 1996) in support of its position that the UIM claims and bad faith claims currently pending before this Court should be severed and tried separately when the Chief Justices refused to grant a Writ of Mandamus requiring the Respondent to do so in a case similar to the one before this Court. In that case the Court stated, "Severance of claims under the Texas Rules of Civil Procedure rests within the sound discretion of the trial court." Liberty Mutual, supra at 629. Further, the Court added, ". . . we believe that the trial court may address any undue prejudice by instructing the jury that the evidence proves nothing with regard to the coverage of the plaintiff's claim, but may be considered relevant only to the bad faith claim." Liberty Mutual, supra at 630. The Justices in that case cited Allstate Insurance Company v. The Honorable Jack Hunter, Judge, 865 S.W.2d 189 (Tex. App.-Corpus Christi 1993) in support of their position against severance relying upon the Corpus Christi Court of Appeals' decision that, "There is no general prohibition against trying contract and bad faith claims together, nor is severance of such claims always required." Allstate, supra at 193. In the Allstate case, the Court likewise refused to grant Writ of Mandamus because the Trial Court would did not sever a contract claim from a bad faith claim just because a settlement offer had been made. In fact, the Court further stated,

"No presumption exists that the mere joining of contract and bad faith claims creates a conflict requiring severance. Rather, it is the movant's burden to show how it will be prejudiced and to present evidence to the trial court, in camera, if necessary, which forms the basis of the alleged conflict." Allstate, supra at 194. Defendant has made no offer of proof to the Court beyond a mere whining of prejudice and thus has not sustained its burden of proof. The Corpus Christi Court of Appeals again refused mandamus in Allstate Insurance Company v. Honorable Joe B. Evans, Judge, 894 S.W.2d 847 (Tex. App.- Corpus Christi 1995) when the trial court refused to sever an uninsured motorist claim from a bad faith claim just because of the possible prejudice of a settlement offer. All three of the foregoing cases, the Courts refused to follow United States Fire Insurance Co. v. Millard, 847 S.W.2d 668 (Tex. App.-Houston [1st Dist.], 1993 and State Farm Mutual Automobile Insurance Co. v. Wilborn, 835 S.W.2d 260 (Tex. App.-Houston [14th Dist.] 1992.

"A claim is properly severable if 1) the controversy involves more than one cause of action, 2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, *and (emphasis added)* 3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues." Allstate, supra at 191. The trial of Plaintiff's contract will necessarily alert the Jury to the fact that insurance coverage is at issue and the same evidence adduced from the parties concerning the contract claim will likewise need to be utilized at the trial of the bad faith claim. To sever these claims and require the Plaintiff to try the same issues and facts in two (2) separate trials is a waste of the Court and parties' resources and is, moreover, not required under the facts of this case.

## CONCLUSION

Plaintiff respectfully requests that Defendant's Motion to Sever and Abate be denied and that Plaintiff be permitted to proceed through the discovery process and to trial on all claims set forth in her Original Petition.

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion for Severance and Abatement be denied.

Respectfully submitted,

JANICE A. CASSIDY, P.C.

By *Janice A. Cassidy*
JANICE A. CASSIDY
Attorney for Plaintiff
P. O. Box 592
San Benito, TX 78586
(956) 399-3327
(956) 399-0688   FAX
SBOT 03979210
Federal ID 17656

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Answer was hand delivered this 6th day of August 2001 to the following:

Attorney Craig H. Vittitoe
Adams & Graham, L.L.P.
222 East Van Buren, West Tower
P. O. Drawer 1429
Harlingen, TX 78551

By *Janice A. Cassidy*
JANICE A. CASSIDY